<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERARDO SUAREZ, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 11-1796 (FSH) (PS) |
| v. | **OPINION & ORDER** |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, JAMES E. FUHRMAN, DAVID ERLANGER, Ph.D., PSYBAR, LLC, and INTESA SAN PAOLO, S.P.A., | Date: December 16, 2011 |
| Defendants. | |

<u>**HOCHBERG, District Judge**</u>;

**I.     INTRODUCTION**

This matter comes before the Court upon the Motions to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) filed by: (1) Defendants The Prudential Insurance Company of America ("Prudential") and James E. Fuhrman; and (2) Defendant Intesa Sanpaolo S.P.A. ("Intesa"). The Court has reviewed the submissions of the parties and considered the motions on the papers in accordance with Fed. R. Civ. P. 78.

II.     BACKGROUND[1]

Plaintiff, a former employee of Intesa, brings claims against Prudential for violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and Title III of the Americans with Disabilities Act ("ADA"), and against Intesa under the New Jersey Law Against Discrimination ("NJLAD").  In his Memorandum of Law in Opposition to Defendants' Motions to Dismiss ("Pl. Br."), Plaintiff abandoned all of his claims against Defendant James E. Fuhrman; his claims against Prudential and Intesa for racial stereotyping and breach of contract; his NJLAD claim against Prudential; and his ERISA and ADA claims against Intesa; leaving only the claims discussed in this Opinion as asserted against Prudential and Intesa.

Plaintiff is a participant in a long-term disability insurance plan issued by Prudential to Intesa.  Plaintiff alleges that he received long-term disability benefit payments from Prudential for several years after becoming disabled due to neurological damage caused by accidents involving blows to the head.  Plaintiff alleges that, after "making a conscious decision to seek evidence which would allow it to cease paying [Plaintiff] long-term disability payments," Prudential terminated these payments.  Compl. ¶ 8.  Plaintiff alleges that Prudential engaged Defendant Psybar, LLC ("Psybar") for this purpose, who in turn engaged Defendant Dr. David Erlanger, who found that Plaintiff was malingering and not disabled.  Plaintiff alleges that Defendants ignored the conclusions of his own doctor.

Plaintiff alleges that Prudential conspired to violate his rights under ERISA.  Plaintiff also alleges that Prudential denied him the benefits of Title III of the ADA by asserting, without

---

[1] The facts set forth here are drawn from Complaint.  At the motion to dismiss stage, this Court accepts these facts as true.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  The Court notes that it encounters some difficulty in reciting Plaintiff's allegations due to the exceedingly abbreviated and conclusory nature of Plaintiff's very short Complaint.

proper scientific basis, that he was malingering, thereby denying him further benefits payments. Finally, Plaintiff alleges that Intesa violated his rights under NJLAD.

### III.	STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 127 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949 (internal quotations and alterations omitted).

**IV.    DISCUSSION**

Plaintiff alleges that Prudential conspired with Intesa and the other Defendants to violate his rights under ERISA, but fails to state which of his ERISA rights have been violated. Prudential argues that this claim must be dismissed because there is no cause of action under ERISA for conspiracy to violate ERISA.  *See Cipollone v. Univ. of Pa.*, No. Civ. A. 97-6565, 1998 WL 47285, at *2 (E.D. Pa. Feb. 3, 1998) (dismissing claim for conspiracy to violate ERISA, finding that "[t]here is no indication of any statutory basis for [a conspiracy] claim and ERISA itself contains no explicit cause of action for civil conspiracy.  Plaintiffs have also failed to identify anything in the text or legislative history of ERISA that suggests that Congress contemplated that a cause of action should be implied."); *Mose v. U.S. Health Care Sys. of Pa., Inc.*, No. Civ. A. 95-6553, 1996 WL 397465, at *2 (E.D. Pa. Jul. 9, 1996) (same).  Plaintiff does not respond to this argument, but rather argues that "a fair reading of the complaint is that Prudential," who Plaintiff identifies as the Plan Administrator, "denied Plaintiff benefits by preventing him from being given a fair evaluation by its consultant, and by ignoring and disparaging the evidence submitted which supported his disability."  Pl. Br. 3.  Plaintiff requests leave to file an Amended Complaint to properly articulate this claim, should the Court find it insufficient.

The Complaint asserts a cause of action for conspiracy to violate ERISA; a claim that Prudential argues does not exist, and one which Plaintiff no longer seems interested in making. To the extent that Plaintiff now seeks to assert a claim for denial of benefits under ERISA § 502(a) (codified at 29 U.S.C. § 1132(a))—the elements of which Plaintiff has not sufficiently alleged—the Court will dismiss the conspiracy claim without prejudice to file an Amended

4

Complaint that specifically articulates the cause of action Plaintiff asserts and references the ERISA enforcement provision under which he brings this claim.

Plaintiff's Complaint alleges that Prudential denied him the benefits of title III of the ADA.  Title III provides in relevant part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  The Complaint fails to allege any facts demonstrating that Plaintiff was deprived of any of the rights described above based on his disability in relation to a public accommodation.  In his opposition brief, Plaintiff attempts to argue that because he visited Dr. Erlanger's offices for an evaluation at the direction of Defendant Psybar, there is a direct nexus between the alleged discrimination and a public accommodation.  However, Plaintiff does not allege that he was deprived of any of the above-listed services at Dr. Erlanger's office based on his disability, nor does he explain how any discrimination suffered there could be attributed to Prudential.  Because Plaintiff fails to allege any public accommodation-related discrimination in connection with the disability benefits provided by Prudential,[2] he does not "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and his ADA claim is, therefore, facially implausible.  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  Accordingly, this claim will be dismissed.

Finally, Plaintiff's NJLAD claim against Intesa must also be dismissed as the Complaint fails to provide any detail regarding any discrimination or adverse employment action suffered at hand of Intesa.  Therefore, Plaintiff has failed to allege facts that "are sufficient to show that the

---

[2] In *Ford v. Schering-Plough Corp.*, the Third Circuit explained that "disability benefits . . . do not qualify as a public accommodation and thus do not fall within the rubric of Title III."  145 F.3d 601, 612 (3d Cir. 1998).

5

plaintiff has a plausible claim for relief." *UPMC Shadyside*, 578 F.3d at 210-11 (internal citations and quotations omitted). Plaintiff's NJLAD claim must also be dismissed for two additional reasons. First, to the extent that Plaintiff bases his NJLAD claim against Intesa on Prudential's termination of his benefits, this state law claim is preempted by ERISA. *See Wood v. Prudential Ins. Co. of America*, 207 F.3d 674, 678 (3d Cir. 2000) (holding that an NJLAD claim is preempted by ERISA, finding that "ERISA Section 502(a) completely preempts a state claim"). Second, NJLAD does not apply to employee benefit or insurance claims. *See* N.J.S.A. 10:5-2.1 ("[n]othing contained in this act . . . shall be construed . . . to interfere with the operation or terms or conditions and administration of any bona fide . . . employee benefit or insurance plan or program"); *Merritt v. Medical Disability Ins. Plan*, No. Civ. A. 96-4495, 1998 WL 1110694, at *7 (D.N.J. Aug. 28, 1998) (finding that NJLAD claim based on discriminatory denial of insurance benefits is barred by the statute); *see also Veneziano v. Long Island Pipe Fabrication & Supply Corp.*, 238 F.Supp.2d 683, 690 (D.N.J. 2002) (sanctioning plaintiffs' counsel in ERISA action for litigating a "bad faith" NJLAD claim against insurer, since relevant case law is "very clear in explaining that [NJLAD] does not apply to . . . insurance plans").

## V.     CONCLUSION & ORDER

For the foregoing reasons, **IT IS** on this 16th day of December 2011,

**ORDERED** that, with Plaintiff's consent,[3] Counts I, II, III, IV, and V are **DISMISSED** against Defendant Fuhrman; Counts II, IV, and V are **DISMISSED** against Defendant Prudential; and Counts I, II, III, and V are **DISMISSED** against Defendant Intesa.

**IT IS FURTHER ORDERED** that Prudential's motion to dismiss Plaintiff's ERISA (Count I) and ADA (Count III) claims is **GRANTED**. This dismissal is without prejudice with respect to the ERISA claim (Count I) only, with leave to file an Amended Complaint that

---
[3] Pl. Br. 1

6

specifically articulates the cause of action Plaintiff asserts and references the ERISA enforcement provision under which he brings this claim.

      **IT IS FURTHER ORDERED** that Intesa's motion to dismiss Plaintiff's NJLAD claim (Count IV) is **GRANTED**.

      The Clerk of the Court is directed to terminate the motions: Docket Nos. 10 and 11.

      /s/ Faith S. Hochberg_____
      Hon. Faith S. Hochberg, U.S.D.J.